UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

ROBERT H. JOHNSON & FAMILY[1] )
)
v. ) NO. 2:12-CV-144
) *Collier/Lee*
ROBERT E. CUPP, MATTHEW ROARK, )
ROBIN R. GILBERT, KENT GARLAND, )
JEFFREY KELLEY, and CATHY S. )
JOHNSON )

**MEMORANDUM**

Robert H. Johnson, an inmate in the Johnson County Jail, in Mountain City, Tennessee, brings this *pro se* action, civil rights complaint pursuant to 42 U.S.C. § 1983, asserting various constitutional violations in connection with his state criminal judicial proceedings (Ct. File No. 2). For these claimed violations, plaintiff seeks monetary relief and release from confinement.

**I.      The Filing Fee.**

Plaintiff has also filed an application for leave to proceed *in forma pauperis*, (Ct. File No. 1). However, the document is not accompanied by the certified copy of his inmate trust account statement, as required by 28 U.S.C.§ 1915(a)(2). A notation on the application indicates an officer refused to sign the statement. In *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Sixth Circuit instructed that inmates are

---

[1] The Court deems Robert H. Johnson to be the sole plaintiff in this lawsuit because he is the only member of the Johnson family who filed an *in forma pauperis* application, signed the complaint, and made the allegations of constitutionally impermissible conduct contained therein.

not to be penalized due to the recalcitrance of prison officials and that "a case may not be dismissed when the payment of an assessment has been delayed by prison officials." *Id*. at 607-08. Despite the importance of the missing trust account statement, *id*. at 607 (calling the trust account the "key to the assessment procedure"), because plaintiff's efforts to obtain it from unnamed jail authorities have been unsuccessful, and because he is not at fault for the omission, his case will advance in the typical fashion.

Thus, plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and he is **ASSESSED** the civil filing fee of three hundred and fifty dollars ($350). When money becomes available in plaintiff's trust account—he lists his balance as zero—the account custodian shall submit to the <u>Clerk, United States District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743</u>, twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. 28 U.S.C. § 1915(b)(2); *Id*. at 607. To facilitate collection of the fee, the Clerk is **DIRECTED** to send a copy of this order to the custodian of inmate trust accounts at the facility wherein plaintiff is currently housed.

**II.    Screening the Complaint.**

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed. Moreover, *pro se* pleadings are to be generously construed and "held to less stringent standards than formal pleadings

2

Case 2:12-cv-00144   Document 3   Filed 04/20/12   Page 2 of 8   PageID #: 15

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court examines the complaint in light of those requirements.

### A. Plaintiff's Allegations

In his complaint, the plaintiff makes the following allegations. Sometime in the past (perhaps in 2008-2009), defendants Jeff Kelley, his public defender attorney, and Robin R. Gilbert, his probation officer, tricked plaintiff into accepting a plea agreement and probation. Plaintiff did not know this had actually happened until he was imprisoned for a probation violation to serve a three-year sentence. Plaintiff was not in his right mind during the plea proceedings and was preyed upon by those involved due to his mental issues. And too, the sentence was based on a failure-to-appear conviction, for which he had a legitimate reason for not appearing in court, namely, a back injury. Not only did plaintiff have a physical ailment which kept him from the court appearance, but the case against him was also based on unfounded lies told by defendant Cathy Sue Johnson, which he could not challenge because defendant Judge Robert E. Cupp refused to permit plaintiff to prove his innocence.

Plaintiff threatened to sue Judge Cupp, unless the judicial officer allowed plaintiff to prove his innocence, and he also made other allegations concerning improprieties on the part of Judge Cupp, with the result that Judge Cupp tried to charge plaintiff with extortion. Plaintiff asserts Judge Cupp has discriminated against him, harassed him, slandered him, falsely charged him, falsely imprisoned him, conspired against him, extorted him, and, with criminal intent, engaged in several other actions against plaintiff and his family. Plaintiff contends that Judge Cupp and the other defendants are basically holding him hostage.

Case 2:12-cv-00144   Document 3   Filed 04/20/12   Page 3 of 8   PageID #: 16

Plaintiff asks that the failure-to-appear case and any other case against him be dismissed because of the multiple acts of wrongdoing alleged above. He also asks for release from confinement and for compensation for the alleged unconstitutional acts described herein.

**B.     Law and Analysis**

1. *State Action*

First of all, to state a claim upon which relief may be granted in a § 1983 action, plaintiff must show that a defendant: 1) deprived him of a right secured by the Constitution and the laws of the United States 2) while acting under color of state law. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The conduct of a private defendant is actionable under § 1983 only if the conduct can be fairly attributable to the state, *see Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998), and the conduct of a private party may be fairly attributable to the state only if the conduct is so closely connected to the state that it may be fairly treated as that of the state.

Here, there are no allegation whatsoever that defendant Cathy Sue Johnson is a state actor or that her challenged actions may be fairly attributed to the state. Nor was defendant Kelley, a public defender, acting under color of state law when he represented plaintiff. *See Polk County v. Dodson*, 454 U.S. 321, 321 (1981) (a public defender, appointed by the state to represent a criminal accused, is not a state actor under § 1983). Thus, plaintiff fails to state a claim entitling him to relief under § 1983 against defendants Johnson and Kelly, and they are **DISMISSED** from this lawsuit.

2. *Habeas Corpus Claims*

Secondly, plaintiff's allegations regarding his illegal detention relate directly to the fact and duration of his physical confinement, and thus his sole federal remedy in that regard is to seek a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Given the liberal standard of review

4

for *pro se* complaints, this Court could convert plaintiff's § 1983 complaint to a habeas petition. *Haines v. Kerner*, 404 U.S. 519 (1972). However, a great deal of information is required for a habeas petition which is not supplied in a § 1983 complaint. *See* Rules Governing Section 2254 Cases in the United States District Courts. It does not appear, on the face of the complaint, that plaintiff has sought any state court remedies whatsoever with regard to his claims of an invalid guilty plea and other irregularities tied to his state judicial criminal proceedings. This is significant because it is well-settled law that a state prisoner must completely exhaust all his federal claims by fully and fairly presenting them to the state court before seeking federal habeas corpus relief. *Rose v. Lundy*, 455 U.S. 509 (1982). Accordingly, any claim that falls within the Court's habeas corpus jurisdiction is **DISMISSED without prejudice**.

       3. *Heck v. Humphrey Rule*

Third, in an action for damages, if a judgment in favor of a plaintiff would necessarily imply the invalidity of his state court conviction or sentence, his § 1983 complaint must be dismissed, unless he can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In other words, "no cause of action exists unless a conviction has been legally eliminated." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).

In this case, affording plaintiff the monetary relief he has requested would require a finding that he has been unconstitutionally restrained of his liberty. Clearly, such a finding would call the validity of his sentence into question. Where, as here, a plaintiff does not allege that his conviction or sentence has been legally eliminated—and indeed, it could not have been since plaintiff seeks to be released from imprisonment, he has suffered no cognizable injury at this time and his § 1983 claim for damages fails to state a claim. All such claims are **DISMISSED without prejudice**.

       4. *Immunity Doctrine*

Finally, even if plaintiff's claims for damages could proceed, the remaining defendants would not be liable for the asserted wrongful conduct. This is so because the doctrine of immunity applies and entitles these defendants to "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The specific type of immunity which Judge Cupp enjoys is judicial immunity: "It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages." " *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir.1997) (citing, *inter alia, Mireles v. Waco*, 502 U.S. 9, 9 (1991)). Plaintiff's claims against Judge Cupp are anchored to the argument that this judicial officer took action in his judicial capacity under color of law to violate plaintiff's civil rights. Presiding over criminal cases and exerting control over the courtroom and the criminal proceedings occurring therein "affected the rights only of the individual plaintiff[s] in specific judicial proceedings; these acts are example[s] of paradigmatic judicial acts," *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir.1994), which lie within the scope of Judge Cupp's jurisdiction and cloak him with absolute immunity from a suit for damages. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

Defendant Probation Officer Robin R. Gilbert enjoys quasi-judicial immunity. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Under Sixth Circuit case law, a probation officer performing duties to ensure that an individual "is complying with the terms of probation . . .[is] performing a quasi-judicial function . . .[and is entitled] to quasi-judicial immunity." *Balas v. Leishman–Donaldson*, No. 91–4073, 1992 WL 217735 at *5 (6th Cir. Sept.9, 1992) (unpublished decision). *See also Loggins v. Franklin County, Ohio*,

6

Case 2:12-cv-00144   Document 3   Filed 04/20/12   Page 6 of 8   PageID #: 19

218 F. App'x 466, 476 (6th Cir. March 1, 2007) ("The Court agrees with the reasoning of the *Balas* opinion."). Thus, defendant Gilbert too is immune from this damages action.

Defendants Matthew Roark and Kent Garland, both Assistant District Attorneys, are entitled to prosecutorial immunity when acting in their role as the state's advocate in initiating and pursuing a criminal prosecution, including presentation of the state's case at trial. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Supreme Court has interpreted § 1983 as conferring absolute immunity on prosecutors for conduct that is "intimately associated with the judicial phase of the criminal process," *see id*, "because any lesser degree of immunity could impair the judicial process itself." *Malley v. Briggs*, 475 U.S. 335, 342 (1986) (citation omitted).

Plaintiff alleges that defendant Roark refuses to allow him to prove that he was misled into pleading guilty and that plaintiff does not trust him or defendant Garland. Presumably any claimed misdeeds on the part of these defendants would be tied to their pursuit of the criminal prosecution of the plaintiff and in the course of their role as an advocate for the state. Any such an action would lie within the scope of their prosecutorial duties and would arm them with absolute immunity from this lawsuit.

Accordingly, even if *Heck* did not bar this suit for damages, the remaining defendants would be immune from this suit.

### III. Conclusion

Because plaintiff has failed to state a claim against defendants and has sued defendants who enjoy various types of immunity from damages, this lawsuit will be **DISMISSED** by separate order.

**ENTER:**

                                                        /s/

**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**